**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YONIS ABDULKADIR AFRAH, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 19-71356 Agency No. A028-128-159 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2024
Pasadena, California

Before: BEA, LEE, and KOH, Circuit Judges.

Petitioner Yonis Afrah seeks review of the Board of Immigration Appeals' ("BIA") final order of removal, in which the BIA found that Afrah was removable for a conviction of an aggravated felony relating to the obstruction of justice, and that he was inadmissible as someone convicted of two or more offenses with aggregate sentences to confinement of five years or more. Because the parties are

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

familiar with the facts, we recount them only as necessary. We deny the petition.

We have jurisdiction to review the BIA's final order of removal. 8 U.S.C. § 1252(a)(1). We also have jurisdiction to review the BIA's denial of Afrah's adjustment of status application and Afrah's equitable estoppel claim because each issue presents, in part, questions of law. 8 U.S.C. § 1252(a)(2)(D); *see Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). We will review any factual determinations for substantial evidence and any legal questions de novo. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010).

1. Afrah was convicted of dissuading a witness under California Penal Code ("CPC") § 136.1(b)(1). This Court recently held that a conviction under CPC § 136.1(b)(1) is a "categorical match" to "an offense relating to obstruction of justice," and thus an aggravated felony offense under 8 U.S.C. § 1101(a)(43)(S). *See Cordero-Garcia v. Garland*, 105 F.4th 1168, 1169 (9th Cir. 2024). Afrah argues that *Cordero-Garcia* did not control this case because *Cordero-Garcia* did not address whether the actus reus of CPC § 136.1(b)(1), dissuasion, was a categorical match to the federal generic offense of obstruction of justice. But in *Cordero-Garcia*, the panel made clear that "[o]ne who intends to 'dissuade' a witness or victim from reporting a crime necessarily intends to 'prevent' that report." *Cordero-Garcia*, 105 F.4th at 1171 n.3. Accordingly, the BIA did not err when finding Afrah removable as an aggravated felon under 8 U.S.C. § 1182(a)(2)(B) for his conviction

2

under CPC § 136.1(b)(1).

2. An alien may be found inadmissible if the alien is "convicted of 2 or more offenses . . . for which the aggregate sentences to confinement were 5 years or more." 8 U.S.C. § 1182(a)(2)(B). The BIA found that sentences for two of Afrah's convictions—dissuading a witness, CPC § 136.1(b)(1), and possession of ammunition, CPC § 12316(b)(1)—aggregate to sentences to confinement of five years or more. We agree.

No party disputes that Afrah received a three-year sentence for his conviction of dissuading a witness under CPC § 136.1(b)(1). However, Afrah argues that his two-year sentence imposed for his possession of ammunition conviction under CPC § 12316(b)(1) cannot count toward the five-year requirement of "aggregate sentences to confinement" because the two-year sentence was imposed after Afrah violated probation. Thus, according to Afrah, the two-year sentence was for conduct resulting in his violation of probation, and not for his possession of ammunition conviction. But Afrah is wrong for two reasons.

First, the California trial court imposed a clear judgment against Afrah, committing Afrah to the California Department of Corrections & Rehabilitation "for [the] middle term of 2 years *on count 2 [C]PC 12316(b)(1)*."[1]

---

[1] The sentencing judgment also noted that CPC § 12316(b)(1) was the "principal count."

3

Second, the California Rules of Court, which have the force of statute, *see Silverbrand v. Cnty. of Los Angeles*, 205 P.3d 1047, 1059 (Cal. 2009), prohibits judges from imposing sentences based on conduct or circumstances that occurred after the time probation was granted. Cal. Rules of Ct. 4.435(b)(1) (2010) ("The length of sentence must be based on circumstances existing at the time supervision was granted, and subsequent events may not be considered . . .").

Taking the judgment and the California Rule of Court together, Afrah's two-year sentence for his possession of ammunition charge is tied only to his conviction and not to his conduct resulting in his violation of probation. Accordingly, the BIA did not err when finding Afrah inadmissible because Afrah has been convicted of two or more offenses with aggregate sentences to confinement of five years or more.

3. Finally, we address Afrah's equitable estoppel claim. Afrah asks us to estop the Government from denying his adjustment of status application based on Afrah's prior false claim of U.S. citizenship. But the BIA denied Afrah's adjustment of status application on grounds unrelated to Afrah's false claim of citizenship. *Hosseini v. Gonzalez*, 471 F.3d 953, 957 (9th Cir. 2006) (finding that our review "is limited to the [Board's] decision except to the extent the IJ's opinion is expressly adopted"). Because we hold that the BIA did not err in denying Afrah's adjustment of status on grounds unrelated to Afrah's false claim of citizenship, we need not reach Afrah's equitable estoppel claim.

4

**PETITION DENIED.**